Frank S. McCullough, J.
Bespondent moves to dismiss the petition as insufficient in law on the ground that the order of the State Bent Administrator which is the subject of the proceeding to review is an intermediate determination and therefore not a proper subject for an article 78 (Civ. Prac. Act) proceeding. The order sought to be reviewed is in form a revocation order annulling certain rent increases which had been granted by the Local Bent Administrator under the so-called 6% hardship formula. The ground for the revocation by the State Bent Administrator was the fact that the price which the petitioner had paid for the property was not the proper or appropriate index of property value upon which to base the 6% return, and further that the sale immediately preceding was the proper basis for such purpose.
The respondent, in moving to dismiss, contends that the subject order is not final since it provides that “the proceeding is remanded to the Local Bent Administrator solely for the ministerial purpose of recomputing the adjustment * * * upon the valuation basis established by this order. ’ ’
An examination of the papers discloses that on January 15, 1962, the Local Bent Administrator issued orders granting the landlord of a large apartment building, rent adjustments under the formula prescribed in the statutes providing a 6% fair net annual return on property valuation. The value was fixed at $388,700, which was the price at which the landlord acquired the property on March 1, 1960.
*676 Two objections were raised by the tenants, first that the acquisition did not constitute a bona fide sale, and second that essential services were not maintained. The Local Bent Administrator overruled both objections.
Thereafter the tenants filed a protest raising the two aforesaid objections. A hearing was held approximately a year and a half later. The State Bent Administrator issued an “ Order and Opinion Granting Protest in Part and Bemanding Proceeding to Local Bent Administrator for Becomputation of Adjustments.” The State Bent Administrator rejected the sale price adopted by the Local Bent Administrator, and a new property value of $342,875 was fixed in the order, which value was the sale price on the prior sale. With respect to the other objection, the State Bent Administrator found that the landlord had maintained essential services.
It thus becomes apparent that the entire controversy was determined by the State Bent Administrator, with no further action by the Local Bent Administrator being required other than a recomputation involving the base value of $342,875. The court is of the opinion that the determination left to be performed by the Local Bent Administrator involves nothing more than calculations, a ministerial task at most. The State Bent Administrator has in fact fully decided the only issues in this litigation. To require the petitioner to wait until the Local Bent Administrator had performed the ministerial task assigned to him and to further proceed administratively would involve an unnecessary retracing of steps. The court finds that the proceeding has been properly brought and that the order of the State Bent Administrator is a proper subject of review by the court. (See Matter of Ackerman v. Weaver, 6 N Y 2d 283; Matter of Wadsworth Props. v. Weaver 8 A D 2d 705.)
Accordingly, the motion to dismiss is denied.